UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILAGROS ELIZONDO | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06 C 4843 |
| | ) | |
| BRIAN BRENDAL AND MICHAEL DUBINKA | ) | |
| | ) | |
| Defendants | ) | Judge Holderman |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the defendants, OFFICER BRIAN BRENDAL and MICHAEL DUBINKA, by their attorneys, LITCHFIELD CAVO LLP and pursuant to F.R,C.P. 50 (a) move this Honorable Court for entry of an order granting them judgment as a matter of law as to Counts I-III of the Second Amended Complaint. In support thereof, the defendants state as follows:

## INTRODUCTION

This action arises out of an incident that occurred on May 21, 2006, in Summit, Illinois. Before the court is Elizondo's Second Amended Complaint at Law in which she alleges the following claims:

- Count I – Violation of Section 1983, excessive force;
- Count II – Violation of Section 1983, false arrest;
- Count III – State Law Malicious Prosecution Claim.

Counts I-III are directed against Officer Brendal while only Count II is directed against Officer Dubinka. The defendants have filed answers in which they deny the material allegations

contained in the second amended complaint and have also filed a number of affirmative defenses, including, but not limited to, qualified immunity.

## II. LEGAL STANDARD

F.R.C.P. 50 permits a Court to grant judgment as a matter of law on a claim "If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient basis for a reasonable jury to have found for that party with respect to that issue. *F.R.C.P. 50(a)*. Accordingly, a Rule 50 motion should be granted if all the evidence, taken as a whole and viewed in the light most favorable to the non-moving party, is insufficient for a jury to have reached a verdict. *Selle v. Gibb*, 741 F.2d 896, 900 (7th Cir., 1984). In deciding a motion under Rule 50(a), the Court reviews all of the evidence in the record and draws all reasonable inference in favor of the non-moving party. The court may not make credibility determinations or weigh the evidence, but gives credence to the evidence favoring the non-movant, as well as that "evidence supporting the moving party that is uncontradicted and unimpeached". *Reves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51, 120 S.Ct. 2097 (2000).

## III. ELIZONDO HAS FAILED TO MEET HER BURDEN OF PROOF AS TO HER EXCESSIVE FORCE CLAIM (COUNT I)

To prevail on a claim of excessive force, a party must prove the following elements by a preponderance of the evidence.

(1) That the officer intentionally used force;

(2) That the force the officer used exceeded the degree of force that a reasonable officer would have used under the circumstances;

(3) As a direct result of the officer's use of force, the plaintiff suffered some harm.

*Robinson v. Lother*, 2004 W.L. 203, 2120 at *4(N.D. Ill., 2004).

The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene, without the benefit of 20/20 hindsight. *Id.* The reasonableness inquiry is an objective one; the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

Officer Brendal is entitled to judgment as a matter of law as to Count I inasmuch as plaintiff failed to prove that force that Brendal utilized was unreasonable or that it exceeded the degree of force that a reasonable officer would have used under the circumstances.

## IV. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT II (SECTION 1983 – FALSE ARREST)

Whether maintained under section 1983 or pursuant to Illinois common law, a claim for false arrest must entail a restraint of an individual's liberty without probable cause. W*illiams v. Kobel*, 789 f.2d, 463, 468 (7th Cir., 1986). Conversely, a police officer who arrests an individual with probable cause is not liable for false arrest under either Section 1983 or Illinois State Law, regardless of whether the innocence of the subject is later proved. *Mosley v. Lamatus*, 741 F.Supp. 724, 726 (N.D. Ill. 1990). Whether a police officer possessed probable cause to arrest is ascertained by looking to the facts known to the officer at the time of the arrest and determining whether a reasonably prudent police officer would have believed that the subject had committed or was committing an arresstable offense. *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228 (1964).

Here, even when viewing the light most favorable to the plaintiff, the testimony and evidence introduced during the plaintiff's case in chief shows that the decision to arrest Elizondo was based on probable cause.

Entry of judgment in favor of Officer Brendal is warranted inasmuch as this court is permitted to take judicial notice of proceedings in other courts within and outside of the federal judicial systems if the proceedings have a direct a relation to matters at issue. *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir., 1995) and *United States v. Hope*, 906 F.2d 254, 216 n.1 (7th Cir., 1990); and *Henson v. CSC Credit Services,* 229 F.3d 280, 284 (7th Cir., 1984). During the course of the criminal case, the trial judge specifically found that "there is no question that this lady committed a battery, not the battery described from what I heard so far." (See "Exhibit A", pp. 29-30). While Judge Hynes directed a finding in favor of Elizondo, nevertheless he concluded that "All the elements of battery were met. However, the complaint alleged that Officer Brendal suffered bodily harm as opposed to touching of an insulting or offensive nature." Since Judge Hynes' ruling amounts to a judicial determination of probable cause, Elizondo's false arrest claim should be dismissed.

### V. OFFICERS BRENDAL AND DUBINKA ARE ENTITLED TO QUALIFIED IMMUNITY PURSUANT TO COUNT II (SECTION 1983 –FALSE ARREST)

Defendants raised a number of affirmative defenses, including qualified immunity. In determining whether an official is entitled to qualified immunity, the court conducts a two-step inquiry. First, the court must determine whether the conduct alleged violations the plaintiff's constitutional rights; second, the court must determine whether that right was clearly established at the time of the alleged violation. *Wernsing v. Thompson,* 423 F.3d 732, 742 (7th Cir., 2005); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Typically, the threshold question is posed in the following matter: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer violated a constitutional right. *Saucier* 533 U.S. at 202. In deciding whether a right is clearly established, the relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation the officer confronted. *Payne v.*

*Pauley*, 337 F.3d 767, 775-76 (7th Cir.). The right is not clearly established if officers of reasonable competence could disagree on the issue. *Hinnen v. Kelly*, 992 F.2d 140, 142-43 (7th Cir., 1993). To receive qualified immunity protection, an officer need not have actual probable cause, but only "arguable probable cause". *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir., 1998). Arguable probable cause exists when an reasonable officer when faced with the same circumstances and equipped with the same knowledge as the officer in question could have reasonably believe that probable cause existed in light of well established law. *Id.* As result, even if probable cause is lacking with respect to an arrest, notwithstanding an officer subjective belief that he had probable cause, he is entitled to qualified immunity so long as his subjective belief was objectively reasonable. *Edwards v. Cabrera*, 53 F.3d 2909, 293 (7th Cir., 1995).

As was demonstrated above, the judge who heard Elizondo's criminal case concluded that there was probable cause to arrest her for simple battery and this court has the authority to take judicial notice of proceedings held in connection with the criminal charges filed against Elizondo. Since the criminal proceedings concern the same incident or events that are the basis of this lawsuit, they have a direct relation of the matters before the court. In view of Judge Hynes' findings there was, at the very least, "arguable probable cause" to arrest Elizondo. (See "Exhibit A", pp. 29-30). Accordingly, the defendants are entitled to qualified immunity as Elizondo's false arrest claim.

### VI.  DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS COUNT III – MALICIOUS PROSECUTION

To state a claim for malicious prosecution under state law, the plaintiff must plead and prove the following elements:

- Commencement or continuance of the civil or criminal judicial proceeding by the defendant;

- Termination of the proceeding in favor of the plaintiff;

- Absence of probable cause for the proceedings;

- Presence of malice in the institution of the original action; and

- A special injury or special damage beyond the usual expense, time and annoyance associated with defending a lawsuit.

*Shaw v. Tilgner,* 173 Ill.App. 3d 843, 527 N.E.2d 1093, 1094 (1988).

To be liable for malicious prosecution, a defendant either must have initiated a criminal proceeding or his participation in it must have been so active and positive in character so as to amount to advice and cooperation. *Denton v. Allstate Insurance Company*, 152 Ill.App.3d 578, 583, 504 N.E.2d. 756 (1986). The federal courts, including the Supreme Court, have noted that malicious prosecution claims against police officers are anomalous and the courts of this circuit recognize that it is the state's attorneys and not the police, who prosecute an action. See: *Reed v. City of Chicago*, 77 F.3d 1049, 1053, (7th Cir., 1996).

The evidence and testimony introduced in plaintiff's case in chief shows that the decision to arrest was based on probable cause. Officer Brendal is entitled to judgment as a matter of law based on the findings made by Judge Hynes in the underlying criminal matter (see "Exhibit A", pp. 29-30) and his findings also preclude a finding of malice. Additionally, while Judge Hynes directed a verdict in favor of Elizondo that finding was not indicative of innocence. Instead the court found in favor of Elizondo because she was charged with aggregated battery as opposed to simple battery. (See "Exhibit A, pp. 29-30).

Given Elizondo's to establish the *prima facie* elements of her malicious prosecution claim, this court should enter judgment in favor of Officer Brendal.

## VII. THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO ELIZONDO'S PUNITIVE DAMAGES CLAIM

Although punitive damages may be appropriate in some case to punish a wrongdoer for his or her outrageous conduct and to deter others from engaging in similar conduct, such an award must be supported by the record and may not constitute merely a windfall to the prevailing party. *Ramsey v. American Air Filter Company, Inc.*, 772 F.2d 1303, 1314 (7th Cir., 1985). In *State Farm Mutual Company v. Campbell*, 538 U.S. 408, 419 (2003), the Supreme Court provided guidance as to the circumstances under which a punitive damages award can be justified in any amount. Specifically, the court explained that "it should be presumed that the plaintiff has been made whole for his injuries by compensatory damages so damages should only be awarded if the defendant's culpability, after paying compensatory damages, is so reprehensible so as to warrant the imposition to further sanctions to achieve punishment or deterrence. *Id.* Citing *BMW of North American, Inc. v. Gore,* 517 U.S. 559, 575-77 (1996). Punitive damages may be awarded in a Section 1983 action when the defendant exhibits "reckless or callous disregard or indifference to the right or safety to others". *Smith v. Wade*, 461 U .S. 30, 56, 103 S.Ct. 1625 (1983). Punitive damages are never awarded as a matter of right. Rather, the trier of fact is called upon to make a "moral judgment" that the unlawful conduct warrants such an award to punish the wrongdoer and deter others. *Merryweather v. Family Dollar Stores of Indiana*, 103 F.3d 576, 582 (7th Cir., 1996). Punitive damages are available in Section 1983 cases only when a showing of "evil motive or intent or reckless or callous indifference of the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56, 103 St. Ct. 1625 (1983). Here, Elizondo has failed to show that either defendant acted with callous indifference toward her federal rights. With respect to the state law claim, the judge who heard the criminal case specifically found that there was probable cause to arrest Elizondo for

simple battery. That finding precludes Elizondo from suggesting that the officers acted with malice, evil motive or intent or a reckless or callous indifference to her federally protected rights.

Moreover, Section 2-102 of the Local Governmental Tort Immunity Act provides as follows:

> No public official is liable to pay to punitive or exemplary damages in any action arising out an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against them by the injured party or a third party.

Several district courts have concluded that, for purposes of Section 2-102, police officers are considered to be public officials. See *Rousey v. City of Johnston City,* 2006 W.L. 314452 (S.D. Ill., 2006); *Reese v. May*, 959 F.Supp. 869 (N.D. Ill., 1996); *Union Pacific v. Village of South Barrington*, 1998 W.L. 102517 (N.D. Ill., 1998); *Homes v. Village of Hazelcrest*, 1993 W.L. 155500 (N.D. Ill., 1993); *Campbell v. City of Johnston City*, 2005 W.L. 3440726 (S.D. Ill.). These courts have also determined that, for purposes of the Tort Immunity Act as a whole, a public official is defined as a "public employee who exercises discretion in the performance of uniquely governmental functions." *Reese*, 955 F.Supp. at 871; *Campbell v. City of Johnston City* at page 2. Accordingly, when officers are enforcing or effectuating the law, they are deemed to functioning in an executive capacity. *Id.* Obviously, when the individual defendants arrest the plaintiff, they were exercising executive functions. Moreover, it is undisputed that they were acting as public officials when they exercised that discretion. Consequently, Officer Brendal is entitled, under Section 2-102, to immunity from punitive damages sought in connection with Elizondo's malicious prosecution claim.

WHEREFORE, the defendants Brian Brendal and Michael Dubinka, pray for the entry of an order granting them judgment as a matter of law as to Counts I – III of the second amended complaint and for any additional relief the court deems proper and just.

                                              LITCHFIELD CAVO LLP

By: /s/ Jeannine S. Gilleran
Attorneys for the defendants
Brian Brendal and Michael Dubinka

LITCHFIELD CAVO LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677 (main)
(312) 781-6630 (fax)

## CERTIFICATE OF SERVICE

I, an attorney, state that the notice of filing Defendants Brian Brendal and Michael Dubinka's Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on September 30, 2008.

By: /s/ Jeannine S. Gilleran
Attorney for Defendants

LITCHFIELD CAVO LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677 (main)
(312) 781-6630 (fax)